W. H. HARDISON v. J. R. DUNN ET ALS.

(Filed 3 October, 1912.)

1. Deeds and Conveyances — Standing Timber — Warranty — Less Quantity of Timber—Contracts.

A deed for standing timber upon lands described by metes and bounds and as containing 140 acres, without warranty as to the quantity of timber thereon, cannot be construed as a contract to sell a greater quantity of timber than was actually growing thereon.

2. Deeds and Conveyances—Standing Timber—Payments as to Quantity Cut—Conditions—Measure of Damages.

In an action to recover a greater quantity of timber growing upon certain described lands under an averment that a greater quantity had been purchased than the land contained, the deed provided that the vendee was to pay $2,000 before any of the timber should be cut, $2,000 when 600,000 feet had been cut not later than a certain date, and $2,000 when 600,000 feet more had been cut not later than a certain further date. The vendee made the two first payments, but there was evidence that only 387,000 feet of timber remained on the land. A judgment rendered upon the pleadings for the last payment of $2,000, *Held*, erroneous, the last payment being one upon the condition that 600,000 feet should first be cut, and as all the timber had been cut before the expiration of the period allowed, only such quantity as remained beyond that settled for under the second payment could be recovered, according to the contract price, by the defendant upon his counterclaim.

APPEAL by plaintiff from *Cooke, J.,* at April Term, 1912, of NASH.

Civil action. The plaintiff sues to recover damages in failing to furnish a certain quantity of timber under a written contract, dated 22 December, 1909.

The land upon which the timber grew is described as containing 140 acres, and the metes and bounds are set out with particularity. After commencement of this action, survey was made and the land found to contain 109 acres only. The defendant set up a counterclaim for $2,000 unpaid purchase money (being the last payment) on timber.

Upon the pleadings, and admission that the tract of land contained only 109 acres, his Honor adjudged that the plaintiff take nothing by his writ, and that defendants recover $2,000 and interest on their counterclaim. Plaintiff excepted and appealed.

*E. B. Grantham and Murray Allen for plaintiff.*
*Bunn & Spruill for defendants.*

BROWN, J. We agree with the Superior Court that the plaintiff has no cause of action against defendants. There is no warranty in the timber contract that the tract of land contains any specific number of acres, or that there is a certain number of feet of standing timber of the required dimension.

There is nothing in the paper which indicates that the defendants guaranteed either the acreage of land or quantity of timber.

The payments for the timber are provided for in the following clause: "The said W. H. Hardison is to pay $2,000 before any of the timber is cut; $2,000 when 600,000 feet have been cut, not later than 15 July, 1910; $2,000 when 600,000 feet more have been cut, not later than 15 January, 1911, this payment completing all payments."

The plaintiff voluntarily made the first two payments, and is not entitled to recover any part of them back. When plaintiff made the second payment, he was given this receipt:

Received of W. H. Hardison $2,000 in full for the second payment on timber contract and in full for second payment of 600,000 feet.     (Signed)   J. R. DUNN,
                                              *Agent.*

In the absence of a warranty and any allegation of fraud, misrepresentation, and deceit, we fail to see that plaintiff has any cause of action against defendants, either for damages or to recover any part of the money paid.

We are of opinion, however, that the court erred in rendering judgment upon the pleadings in favor of the defendants upon their counterclaim for the entire third payment of $2,000. The payments provided for in this contract are conditional, and are not to be made until the condition has been performed.

The second payment was made and is acknowledged to be in full for 600,000 feet of timber admitted to have been cut. Before the plaintiff can be required to make the third payment of $2,000 he must cut 600,000 more feet of timber, for the payment *is to be made only when that quantity has been cut,* and plaintiff must either cut it or pay for it by 15 January, 1911.

It turns out that plaintiff cannot cut the second 600,000 feet, because it is not on the land to cut. He is entitled to 600,000 feet for the second payment, and to same quantity additional (1,200,000 feet in all) before he can be required to make the third payment. We find nothing in the contract to sustain plaintiff's contention that defendants undertook to sell him 1,800,000 feet.

The plaintiff admits in his complaint that he has cut 600,000 feet and paid for it, and received the receipt above recited. He avers that immediately after paying the second $2,000 and receiving said receipt, he proceeded to cut under the third installment, and cut only 387,000 feet, when the timber on the tract gave out.

This being so, the plaintiff could only be required to pay the value of the 387,000 feet, measured by the purchase price of the entire tract, and not the entire payment of $2,000, as adjudged by his Honor.

On the next trial either party can offer evidence as to the quantity of timber cut.

New trial.